| | |
|---|---|
| DISTRICT COURT, COUNTY OF BOULDER, STATE OF COLORADO. <br><br>Court Address: <br>1777 Sixth Street <br>Boulder, Colorado 80302 <br>_____ <br>Plaintiff: **MARGARITO GONZALEZ,** <br><br>v. <br><br>Defendant:  **JAMES OLLIGES AND MY MORNING JACKET TOURS, INC.** <br>_____ <br>Attorneys for Plaintiff: <br>Robert D. Wilhite, Esq. <br>Sandra L. Hagen, Esq. <br>Sawaya, Rose, McClure & Wilhite, P.C. <br>1600 Ogden Street <br>Denver, CO 80218 <br>Phone Number:   (303) 839-1650 <br>FAX Number:     (303) 832-7102 <br>E-mail: rwilhite@sawayalaw.com; shagen@sawayalaw.com <br>Atty. Reg. #:  36245, 43080 | DATE FILED: May 17, 2016 4:36 PM <br>FILING ID: 5D271255F1C13 <br>CASE NUMBER: 2016CV30550 <br><br><br>▲ **COURT USE ONLY** ▲ <br>_____ <br>Case Number: <br><br><br>Div.:           Ctrm: |
| **COMPLAINT** ||

Plaintiff Margarito Gonzalez (hereinafter "Plaintiff"), by and through his attorneys, Sawaya, Rose, McClure & Wilhite, P.C., files his Complaint against Defendants James Olliges and My Morning Jacket Tours, Inc., and states as follows:

### PARTIES, JURISDICTION AND VENUE

1. At the time of the accident Plaintiff resided in the City and County of Denver, State of Colorado.

2. Upon information and belief, Defendant James Olliges (hereinafter "Olliges") has committed a tort in the State of Colorado.

3. Upon information and belief, Defendant My Morning Jacket Tours, Inc. (hereinafter "My Morning Jacket") has committed a tort in the State of Colorado.

1

4. Upon information and belief, at all times relevant hereto, Defendant, Olliges was and is a person who resides in the City of Louisville, County of Jefferson, State of Kentucky.

5. Upon information and belief, at all times relevant hereto, Defendant My Morning Jacket was authorized to do and is doing business in the State of Colorado.

6. The collision occurred on Interstate 70 at or near Monaco Street, in City and County of Denver, and State of Colorado.

7. Venue is proper in this action pursuant to C.R.C.P. 98 (c)(1).

## GENERAL ALLEGATIONS

8. On or about July 29, 2013, Plaintiff was involved in a motor vehicle collision with Defendants Olliges and My Morning Jacket at or near Interstate 70 westbound and Monaco Street, County and City of Denver, State of Colorado. Defendant Olliges was operating a Mazda 2, license plate 757-XBV, (issued by the State of Colorado).

9. On the date of the above-referenced motor vehicle collision, Defendant Olliges operated his motor vehicle negligently, recklessly, carelessly, and in disregard for the traffic regulations then in effect, the traffic conditions then encountered, and the rights and safety of Plaintiff and the public at large.

10. At the time of the above-referenced motor vehicle collision, Plaintiff was prudently, reasonably, lawfully, and safely driving.

11. Plaintiff was not negligent in the above-referenced motor vehicle collision.

12. Plaintiff has not failed to mitigate his damages.

13. To the extent that Plaintiff suffered from any pre-existing physical condition, that condition is not relevant to any legitimate issue to be adjudicated herein.

14. Plaintiff has not been injured in an unrelated matter subsequent to the above-referenced motor vehicle collision date.

## FIRST CAUSE OF ACTION
## NEGLIGENCE AGAINST DEFENDANT JAMES OLLIGES

15. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 14 above.

16. Defendant owed a legal duty to Plaintiff and negligently breached that duty as alleged above.

17. As a result of the collision, Plaintiff incurred injuries.

18. The Defendant was negligent in the operation of a motor vehicle and Plaintiff was not comparatively negligent.

19. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered traumatic physical, and/or emotional, and/or psychological injuries, and/or disabilities and/or economic losses and injuries which injuries, damages and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future.

20. As a direct and proximate result of the Defendant's negligence, Plaintiff has and will continue to endure, pain and suffering, property loss, loss of enjoyment of life, expenses for the services of doctors and other health care providers and medical supplies, and other such losses.

21. As a direct and proximate result of Plaintiff's injuries, the Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

## SECOND CAUSE OF ACTION
## NEGLIGENCE *PER SE* AGAINST DEFENDANT JAMES OLLIGES

22. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 21 above.

23. The aforementioned acts of negligence were in violation of the applicable statutes and ordinances of the State of Colorado including, but not limited to, C.R.S. §42-4-1008 Following Too Closely.

24. The aforementioned acts of negligence were also in violation of applicable local traffic ordinances and codes.

25. The aforementioned statutes, ordinances and codes were enacted to protect persons such as Plaintiff from harm and injury of the type inflicted upon him. As such, the conduct of Defendant Olliges in violating said statutes, ordinances and codes constitutes negligence *per se*.

26. As a direct and proximate result of Defendant Olliges' negligence, Plaintiff has suffered traumatic physical, and/or emotional, and/or

        psychological injuries, and/or disabilities and/or economic losses and injuries which injuries, damages, and losses are permanent in nature and which losses Plaintiff has suffered in the past and will suffer in the future.

27. As a direct and proximate result of Defendant Olliges' negligence, Plaintiff has and will continue to endure, pain and suffering, property loss, loss of enjoyment of life, expenses for the services of doctors and other health care providers and medical supplies, and other such losses.

28. As a direct and proximate result of Plaintiff's injuries, Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

### THIRD CAUSE OF ACTION/ RESPONDEAT SUPERIOR/ JOINT AND VICARIOUS LIABLITY AGAINST DEFENDANT MY MORNING JACKET TOURS, INC.

29. Plaintiff incorporates and re-alleges the allegations contained in paragraphs 1 through 28 above.

30. On the date of the incident complained of and at all times material hereto, Defendant My Morning Jacket was a corporation engaged in business.

31. On the date of the incident complained of and at all times material hereto, Defendant My Morning Jacket held out Defendant Olliges as its agent, apparent agent, servant, employee or engaged in the joint venture.

32. Defendant My Morning Jacket owned, operated, maintained, and controlled said business and in that capacity did employ Defendant Olliges, or otherwise was vicariously responsible for the acts of Defendant Olliges.

33. Defendant My Morning Jacket directed, controlled, or maintained the right to control, and supervised the duties of its agent, apparent agent, servants, joint venturer or employee in the operation of the subject vehicle described herein, and did so at all times material to this matter, such that Defendant Olliges was acting within the course and scope of his relationship with Defendant My Morning Jacket.

34. On the date of the incident complained of, Defendant My Morning Jacket's agent, apparent agent, servant, joint venturer or employee, Defendant Olliges, was negligent in the operation of the subject vehicle and caused the subject collision.

35. Defendant My Morning Jacket in its capacity of principal, master, joint venturer or employer is vicariously responsible for the acts of Defendant Olliges.

36. As a direct and proximate cause of the Defendant Olliges's negligent operation of the vehicle, Plaintiff suffered injuries, damages, and losses as set forth below.

### Plaintiff demands a trial by jury

**WHEREFORE**, Plaintiff requests that judgment be entered in favor of Plaintiff and against Defendant in an amount to fairly compensate him for the injuries as set forth above, court costs, attorney fees, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as this Court deems just and proper and/or Plaintiff prays for the following relief:

(a) For an amount which will reasonably compensate Plaintiff for past, present, and future economic loss;
(b) For an amount which will reasonably compensate Plaintiff for medical expenses, past, and future;
(c) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind;
(d) For an amount which will reasonably compensate Plaintiff for pain and suffering, past and future;
(e) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and / or the capacity of life;
(f) For interest as provided by Statute from the date of the collision which forms the basis of the complaint to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Respectfully submitted this 17th day of May, 2016.

SAWAYA, ROSE, MCCLURE & WILHITE, P.C.

/s/ *Robert D. Wilhite*
This pleading was filed electronically pursuant to Rule 121 §1-26
Original signed pleading is on file in counsel's office

Plaintiff's Address:
1000 South Bryant Street
Denver, CO 80219

5